IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Derrick Jerome Davis, | ) | Case No. 8:21-cv-315-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Anna Sumner, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13) recommending that this Court dismiss Plaintiff's complaint without prejudice and without issuance of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice and without issuance of process.

**I.    Background**

Plaintiff, a pretrial detainee at the Greenwood County Detention Center proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments. As described in the R&R, Plaintiff is currenting facing criminal charges in the Greenwood County General Sessions Court.[1] The alleged constitutional violations Plaintiff complains of relate to these criminal charges and center on allegations that a detective, two

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887F.2d 1236, 1239(4thCir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

solicitors, and a judge wrongfully denied Plaintiff's bond request. *See* (Dkt. No. 13 at 2). Plaintiff seeks monetary relief as well as a declaratory judgment that Plaintiff be provided a reasonable bond by the state court and released from the Greenwood County Detention Center.

Plaintiff filed his complaint on February 1, 2021.

On March 30, 2021, the Magistrate Judge issued an R&R recommending Plaintiff's complaint be dismissed without prejudice and without issuance of process. (Dkt. No. 13). Plaintiff did not file objections to the R&R.

## II.  Legal Standards

### a.  *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b.  Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

## III.     Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice. Namely, the Magistrate Judge correctly concluded that *Younger v. Harris*, 401 U.S. 37 (1971) requires that this Court abstain from interfering in the pending state criminal prosecution of Plaintiff and thus dismiss this action. *See Gilliam v. Foster*, 75. F.3d 881, 903 (4th Cir. 1996) (noting that "except in the most narrow and extraordinary of circumstance" federal courts should not interfere with state criminal proceedings). Specifically, the Magistrate Judge correctly determined that, considering Plaintiff's pending state charges for criminal sexual conduct with a minor, and as per the test articulated by the Fourth Circuit, abstention is appropriate. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (holding a court must analyze the following factors in determining whether abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."). Further, the Magistrate Judge correctly determined that, even if the Court were to consider the merits of Plaintiff's complaint, dismissal would still be appropriate. *See* (Dkt. No. 13 at 6-9). Namely, the Magistrate Judge correctly noted that: (1) Plaintiff may not seek release from custody pursuant to § 1983 as an application for habeas corpus is the exclusive federal remedy for state prisoners seeking release from confinement; (2) Plaintiff may not seek monetary relief based upon his alleged pretrial confinement as the claim is currently

barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that to recover damages for allegedly unconstitutional imprisonment a plaintiff must prove his conviction or sentence as been reversed, expunged, declared invalid or called into question by a federal court's issuance of a write of habeas corpus); (3) Plaintiff's claims against Assistant Solicitor Sumner and Solicitor Stubmo are barred by the doctrine of prosecutorial immunity; and (4) Plaintiff's claims against Judge Hocker are barred by the doctrine of judicial immunity. Accordingly, the Magistrate Judge correctly recommend that this action be dismissed without prejudice and without issuance of process.

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 13) as the order of Court and **DISMISSES** Plaintiff's complaint without prejudice and without issuance of process.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
United States District Judge

April 21, 2021  
Charleston, South Carolina